USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

STRATEGIC GROWTH INTERNATIONAL, INC.,
RICHARD E. COOPER, and STANLEY S.
ALTSCHULER,

                  Plaintiffs,     06 Civ. 3915

  -against-                   MEMORANDUM OPINION

REMOTEMDX, INC.,

                  Defendant.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    GUSOV OFSINK, LLC
    600 Madison Avenue, 14th Floor
    New York, New York 10022
        By:  Debra Joy Guzov
             Lauren Katz Kluger

    Attorneys for Defendants

    FULBRIGHT & JAWORSKI, LLP
    666 Fifth Avenue
    New York, NY 10103
        By:  Helen Duncan
             Sarah A. Crutcher
             Joseph H. Park

**Sweet, D.J.**

Defendant RemoteMDx, Inc. ("RMDx") has moved to strike portions of Plaintiffs Strategic Growth International, Inc. ("SGI"), Richard E. Cooper, and Stanley S. Altschuler's (collectively "Plaintiffs") Second Set of Document Demands. For the reasons set forth, the motion is granted in part and denied in part, and the documents will be produced as set forth below.

On February 6, 2007, Plaintiffs served RMDx with Plaintiffs' Second Request for the Production of Documents (the "Second Request"). On March 8, 2007, one day after discovery was set to close, RMDx issued its Objections and Responses to Plaintiffs' Second Request for Production of Documents, which objected to all fourteen of the requests contained in the Second Set as untimely and as seeking documents dated or created prior to the initiation of the parties' contractual relationship. RMDx objected to the request for documents concerning "RMDx's accounting treatment of the Option and Stock" as vague and overbroad, and objected to virtually all of the other requests as not relevant to the subject matter of the litigation and not reasonably calculated to lead to the discovery of admissible evidence.

On April 5, 2007, the Court extended discovery for

45 days from that date, and ordered RMDx to produce documents "relating to the accounting treatment of the option and stock during the agreement's term and its amendment, relating to [Robert] Rubin's compensation, [Barry] Pomerantz's compensation, [and] options on stock granted to other consultants." The Court denied the remaining document demands, granting leave to renew the requests on any further showing of relevance. Thus, as RMDx acknowledges, RMDx was to produce documents responsive to requests 32, 36-38, and 45. (Park Decl. ¶ 7.)

RMDx subsequently produced redacted versions of its Board Minutes and accounting records. According to RMDx, the redacted information related to: 1) employee and director compensation; 2) RMDx's business and operations matters; 3) third party transactions, including private placements and loans; 4) RMDx's subsidiary, Volu-Sol Reagents, Inc.; 5) issuance of shares of stock and options to various individuals for services rendered (other than Plaintiffs, Rubin, and Pomerantz); 6) the settlement of an unrelated dispute; and 7) a resolution regarding the potential settlement of the dispute with SGI. Financial and accounting information concerning stocks and options to employees, directors, and third parties other than Plaintiffs, Rubin, and Pomerantz was also redacted. (Park Decl. ¶¶ 9, 10.)

3

On September 26, in response to Plaintiffs' letter motion, RMDx was ordered to produce unredacted copies of the documents at issue, except for Document R063, the document with regard to which RMDx asserted attorney-client privilege, and to provide Document R063 for *in camera* review. RMDx was granted leave to move to strike the request as to documents claimed to be irrelevant. On October 15, 2007, the Court once again ordered RMDx to produce the contested documents in unredacted form.

On October 15, 2007, the Court received RMDx's instant motion to strike. The motion seeks to strike the portions of Plaintiffs' Second Set of Document Demands that seek "the redacted portions of the Board Minutes and accounting records at issue." (Def.'s Mot. 2.) RMDx also submitted unredacted versions of the contested documents for *in camera* review. The motion to strike was heard and marked fully submitted on October 24, 2007.

RMDx has indicated in its motion papers that its instant motion to strike is pursuant to Rule 37, Fed. R. Civ. P., which governs motions to compel discovery or to sanction parties who fail to comply with discovery orders. (Def.'s Notice of Mot. 1.) RMDx does not appear, at this stage, to be contesting the scope of Plaintiffs' Second Set of Document Demands, but is rather seeking to withhold purportedly irrelevant portions of documents

4

falling within the scope of the Second Set of Document Demands.

Having conducted the *in camera* review requested by Plaintiffs, the documents will be produced as follows:

The redactions on R047 and R048, R049, and R050 relate to action taken with respect to David Derrick and Jim Dalton and are deemed irrelevant, therefore, they may remain redacted.

Documents R052-R058 appear relevant and will be produced unredacted.

The redactions on R059 and R060 relate to action taken with respect to Randy Olshen, Bryan Dalton, Bruce Derrick, Daylene Dewey, Chad Olsen, Michael Acton, Joel Hall, Dan Maybe, Nexaira, Christine Kilpack and a private placement of company shares and are deemed irrelevant and may remain redacted.

The redactions on R063 regarding MEW and fees for Messrs. McCall and Childers appear irrelevant and may remain redacted. However, the remainder of the document will be produced unredacted.

Document R064 relating to services rendered and

convertible promissory notes are deemed irrelevant and may remain redacted. The third resolution will be produced unredacted.

Document R065, relating to private placement, the company's annual meeting, and options to Dalton and Derrick are deemed irrelevant and may remain redacted.

Documents R068-R096 appear relevant and will be produced unredacted.

A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. Pritchard v. County of Erie (In re County of Erie), 473 F.3d 413, 419 (2d Cir. 2007) (citation omitted). The Local Civil Rules applicable in this District require parties to identify the type of document, its general subject matter, date, and "such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other." Local Civil Rule 26.2(a). A party asserting privilege cannot merely state

"conclusory or 'ipse dixit' assertions of counsel." Large v. Our Lady of Mercy Medical Ctr., 1998 WL 65995, at *3 (S.D.N.Y. Feb. 17, 1998).

RMDx has not met its burden of establishing that the attorney-client privilege applies to Document R63 or any of the requested documents. RMDx concedes that is has not furnished either Plaintiffs or the Court with a proper privilege log, Def. Repl. Mem. 5, but has instead provided a "redaction log," which merely describes the redacted information as resolutions "regarding litigation with SGI" and "other litigation."

Document R63 does not include any form of confidential communications between a lawyer and a client for the purpose of providing or obtaining legal advice. Rather, it contains minutes of a Board Meeting at which members discussed the settlement of particular litigation. There is no evidence that the minutes were prepared outside the ordinary course of business, nor is there any indication that they revealed attorneys' legal advice.

To the extent that RMDx is concerned about the sensitive nature of the redacted information, those concerns should be allayed by the September 13, 2007 Stipulated Protective Order.

For all the foregoing reasons, Defendant's motion to strike is granted in part and denied in part.

So ordered.

**New York, NY**
**November 8, 2007**

ROBERT W. SWEET
U.S.D.J.