UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK

----------------------------------------X

STRATEGIC GROWTH INTERNATIONAL,
INC., RICHARD E. COOPER and
STANLEY S. ALTSCHULER,

                    Plaintiffs,          06 Civ. 3915

        -against-                        OPINION

REMOTEMDX, INC.,

                    Defendant.

----------------------------------------X



A P P E A R A N C E S:


        Attorneys for Plaintiffs

        GUZOV OFSINK, LLC
        600 Madison Avenue, 14th Fl.
        New York, NY  10022
        By:  Debra J. Guzov, Esq.


        Attorneys for Defendants

        FULBRIGHT & JAWORSKI LLP
        666 Fifth Avenue
        New York, NY  10103
        By:  Judith A. Archer, Esq.
             Sarah E. O'Connell, Esq.

        FULBRIGHT & JAWORSKI LLP
        555 South Flower Street, 41st Floor
        Los Angeles, CA  90071
        By:  Helen L. Duncan, Esq.
             Joseph H. Park, Esq.

**Sweet, D.J.**

Defendant RemoteMDx ("RMDx" or "Defendant") has moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss the conversion claim in the First Amended Complaint ("FAC") of Plaintiffs Strategic Growth International, Inc. ("SGI"), Richard E. Cooper ("Cooper") and Stanley S. Altschuler ("Altschuler" or, collectively, "Plaintiffs"), and for summary judgment under Rule 56, Fed. R. Civ. P., granting RMDx's counterclaim for rescission. RMDx has also moved to strike Plaintiffs' prayer for specific performance. Plaintiffs have moved under Rule 56 for partial summary judgment dismissing RMDx's counterclaim for rescission, and have also moved to attach funds of RMDx pursuant to Fed. R. Civ. P. 64 and New York Civil Practice Law and Rules (CPLR) § 6201.

The RMDx motion to dismiss the Plaintiffs' conversion claim is granted, its motion for summary judgment on its rescission counterclaim is denied, and its motion to strike is denied. Plaintiffs' motion for partial summary judgment dismissing RMDx's rescission counterclaim is granted, and their motion for an attachment is denied.

## Prior Proceedings

Plaintiffs filed this action seeking damages for breach of contract on May 23, 2006. Defendants filed an amended answer and counterclaim on October 30, 2007. The FAC was filed on April 16, 2008.

Discovery has been ongoing, pursuant to various orders of the Court.

The parties' motions for summary judgment were heard and marked fully submitted on April 23, 2008. Plaintiffs' motion for an attachment was heard and marked fully submitted on April 30, 2008. Defendants' motion to dismiss Plaintiffs' conversion claim and motion to strike Plaintiffs' prayer for specific performance were marked fully submitted on May 28, 2008.

## The Facts

The facts below are set out in the parties' Local Rule 56.1 Statements and Counterstatements. Any disputes are noted.

RMDx is a publicly-traded corporation with its principal place of business in Sandy, Utah. David Derrick ("Derrick") is the Chairman and CEO of RMDx. Jim Dalton ("Dalton") is the Vice Chairman and President of RMDx, as well as the Chairman and CEO of RMDx's subsidiary, SecureAlert, Inc.

For its fiscal year ended September 30, 2004, RMDx had revenues of $1.27 million, but a net loss of $6.3 million.

SGI, incorporated in Delaware, is an investor relations firm with its principal place of business in New York, New York. Altschuler and Cooper are the principals of SGI. SGI's standard compensation arrangement with its clients involves a monthly retainer and, under certain circumstances, an equity position in the client in the form of options and stock.

In early 2005, Derrick was introduced to and met with Altschuler about the possibility of RMDx hiring SGI to help RMDx meet certain goals, the most important of which were finding new investors and raising capital. Their meeting included discussions about SGI's compensation. The nature and substance of the conversations are disputed. According to RMDx, Altschuler represented to Derrick that SGI's "normal" monthly

3

retainer fee was $15,000, however, this representation is in dispute.

On or about March 2, 2005, RMDx and SGI entered into an agreement pursuant to which SGI agreed to provide RMDx with various services in exchange for a monthly retainer of $8,000 for 12 months, in addition to shares of RMDx stock and options to purchase RMDx stock (the "Agreement"). According to the FAC, RMDx agreed to issue 1,000,000 shares of RMDx common stock (500,000 each to Cooper and Altschuler) and to immediately issue to SGI 500,000 options to purchase shares of common stock. The parties amended the Agreement in August 2005, extending the Agreement for a five-year term and providing that the 1,000,000 shares issued to Plaintiffs would have piggy-back registration rights for one year.

Pursuant to the Agreement, during 2005, RMDx made payments of $80,276.33 to SGI, consisting of SGI's monthly retainer fee and reimbursements for various costs. RMDx alleges that SGI failed to perform under the Agreement and, in November 2005, RMDx ceased making payments in accordance with the Agreement. The extent and nature of SGI's performance under the Agreement is in dispute. According to SGI, RMDx owes SGI $40,792.22 in fees and costs. According to the FAC, RMDx never

issued the 1,000,000 shares owed to Cooper and Altschuler, and refuses to honor the Plaintiffs' March 8, 2006, notice of intent to exercise their options.

The standard monthly fee of SGI and its relationship to stock and options, as well as the representations of SGI on these matters, are disputed, as is the existence of a standard SGI contract. RMDx contends that the amount of SGI's compensation was a factor in its evaluation of, and decision to hire, SGI. According to RMDx, it relied on SGI being truthful about its fees and capabilities and it would not have retained SGI if SGI had not made what RMDx believed at the time to be substantial concessions as to its compensation, a contention that is disputed.

## RMDx Motion to Dismiss Conversion Claim is Granted

### i.    12(b)(6) Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, 282 F.3d 147, 152

(2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d
Cir. 2001)). However, mere "conclusions of law or unwarranted
deductions" need not be accepted. First Nationwide Bank v. Gelt
Funding Corp, 27 F.3d 763, 771 (2d Cir. 1994) (quotation marks
and citation omitted).

On a motion to dismiss, "[t]he issue is not whether a
plaintiff will ultimately prevail but whether the claimant is
entitled to offer evidence to support the claims." Villager
Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)
(quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In other
words, "'the office of a motion to dismiss is merely to assess
the legal feasibility of the complaint, not to assay the weight
of the evidence which might be offered in support thereof.'"
Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of
New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v.
Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). "Once a claim
has been stated adequately, it may be supported by showing any
set of facts consistent with the allegations in the complaint."
Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

## ii. SGI's Conversion Claim is Duplicative of its Breach of Contract Claim

6

To prevail on a claim of conversion, a Plaintiff must demonstrate that: "'1) the property subject to conversion is a specific identifiable thing; 2) plaintiff had ownership, possession, or control over the property before its conversion; and 3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights.'" Ad Rendon Communs., Inc. v. Lumina Ams. Inc., No. 04 Civ. 8832 (KMK), 2007 U.S. Dist. LEXIS 75625, at *13 (S.D.N.Y. Oct. 9, 2007) (quoting Moses v. Martin, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004)). However, "even if a plaintiff meets all of the elements of a conversion claim, the claim will still be dismissed if it is duplicative of a breach of contract claim," id., as "New York law is clear in barring claims for conversion where damages are merely sought for breach of contract." Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc., 148 F. Supp. 2d 321, 328 (S.D.N.Y. 2001); see also Rolls-Royce Motor Cars, Inc. v. Schudroff, 929 F. Supp. 117, 124 (S.D.N.Y. 1996); Wolf v. National Council of Young Israel, 694 N.Y.S.2d 424, 425 (App. Div. 1999).

"For a conversion claim to succeed in the context of a dispute regarding a contract, the breach of contract must result in some 'wrong' that is separately actionable." Briarpatch Ltd. L.P., 148 F. Supp. 2d at 328 (citing Elma RT v. Landesmann Int'l

Marketing Corp., 2000 U.S. Dist. LEXIS 3540, No. 98 Civ. 3662
(LMM), 2000 WL 297197, *3 (S.D.N.Y. Mar. 3, 2000)). Therefore,
in deciding whether a claim for conversion can be maintained in
addition to a claim for breach of contract, "the Court must
determine whether defendants had a duty separate from any duties
imposed by defendants' contractual obligations. If no such duty
exists, then contract is the only theory upon which liability
can rest." Elma RT, 2000 U.S. Dist. LEXIS 3540, at *10; see
also Spanierman Gallery, PSP v. Love, No. 03 Civ. 3188 (VMM),
2003 U.S. Dist. LEXIS 19511, at *11 (S.D.N.Y. Oct. 31, 2003)
("It is a well-established principle that a simple breach of
contract is not to be considered a tort unless a legal duty
independent of the contract itself has been violated. . . .
This legal duty must spring from circumstances extraneous to,
and not constituting elements of, the contract, although it may
be connected with and dependent upon the contract.") (citation
omitted). In other words, "where plaintiff is essentially
seeking enforcement of the bargain, the action should proceed
under a contract theory." Sommer v. Federal Signal Corp., 79
N.Y.2d 540 (1992).

        Here, the breach of contract and conversion claims are
both premised on the same material allegations, namely RMDx's
failure to deliver the options and shares provided for in the

                              8

Agreement. Aside from Plaintiffs' conclusory assertion that SGI has committed "a wrong that is distinct from any contractual obligations," SGI has not made any factual allegations consistent with any unlawful or wrongful acts independent of RMDx's alleged failure to perform under the Agreement, as any obligations to register or transfer the shares arise solely out of the Agreement, the same Agreement on which Plaintiffs' claim for breach of contract is based. See FAC ¶¶ 40-41 (stating that Plaintiffs are entitled to stock "pursuant to the Agreement"); see, e.g., ESI, Inc. v. Coastal Power. Prod. Co., 995 F. Supp. 419, 433 (S.D.N.Y. 1998) (dismissing conversion claim as duplicative where plaintiff claimed an "ownership interest by virtue of a contract and that defendants' breach of that contract denied it of that interest."); Rolls-Royce Motor Cars, Inc., 929 F. Supp. at 124 ("In identifying [the contract between the parties] as the source of its allegedly superior right of possession, plaintiff tacitly admits that it is seeking to enforce a contract right, not a right tied to some independent duty under state law. The appropriate remedy for a contracting party's failure to honor its obligations under a contract is an action for breach of contract.").

The facts here are distinguishable from cases in which courts have upheld conversion claims as not duplicative.

9

See, e.g., Fabry's S.R.L. v. IFT Intern, Inc., No. 02 Civ. 9855, 2003 U.S. Dist. LEXIS 8597, at *11-12 (S.D.N.Y. May 21, 2003) (finding that defendant continued to accept payments as plaintiff's agent and, therefore, caused plaintiff harm, after the contract at issue was terminated); Astroworks, Inc. v. Astroexhibit, Inc., 257 F. Supp. 2d 609 (S.D.N.Y. 2003) (finding that Plaintiff "plainly allege[d] wrongdoing that goes beyond breach of contract," including wrongful appropriation of intellectual property). In contrast, no separate duty or actionable wrong exists here.

The conversion claim is duplicative of the contract claim and, therefore, it is dismissed.

## RMDx Motion to Strike Request for Specific Performance is Denied

RMDx has moved to strike Plaintiffs' request for specific performance pursuant to Rule 12(f), Fed. R. Civ. P, on the grounds that Plaintiffs' have an adequate remedy at law because the value of the publicly traded securities at issue can be readily determined. See Defs.' Mem. in Supp. at 8.

"[B]efore the 'extraordinary' equitable remedy of specific performance may be ordered, the party seeking relief

10

must demonstrate that remedies at law are incomplete and
inadequate to accomplish substantial justice." Lucente v. Int'l
Bus. Mach. Corp., 310 F.3d 243, 262 (2d Cir. 2002). "[I]n
general, specific performance will not be ordered where money
damages 'would be adequate to protect the expectation interest
of the injured party,'" Aristocrat Leisure Ltd. v. Deutsche
Bank Trust Co. Ams., 04 Civ. 10014 (PKL), 2006 U.S. Dist. LEXIS
34709 (S.D.N.Y. May 30, 2006) (quoting Sokoloff v. Harriman
Estates Dev. Corp., 96 N.Y.2d 409, 429 (2001)), and "courts have
found damages to be an adequate and appropriate remedy when
specific performance would involve the delivery of shares that
are freely available on the open market," id. (citing Lucente
310 F.3d at 262). Ultimately, "[t]he decision whether or not to
award specific performance is one that rests in the sound
discretion of the trial court." Id. (internal quotation marks
and citations omitted).


        Given that Plaintiffs are seeking the delivery of
shares and options in RMDx, a publicly-traded company, it is not
likely they will be able to establish that specific performance
is warranted in this case. However, as motions to strike are
generally disfavored and no prejudice to the Defendant will
result from allowing the prayer for relief to stand, Defendants'
motion to strike is denied. See, e.g., Pena v. Gutierrez

                            11

Guzman, No. 03 Civ. 5130 (SHS), 2004 U.S. Dist. LEXIS 1844, at
*10 (S.D.N.Y. Feb. 10, 2004) ("[C]ourts should not tamper with
pleadings unless there is a strong reason for so doing.")
(quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893
(2d Cir. 1976)); Lewis v. Byrnes, 538 F. Supp. 1221, 1226
(S.D.N.Y. 1982) (denying request to strike prayer for equitable
relief prior to trial).

## RMDx Motion for Summary Judgment on its Rescission Counterclaim is Denied; Plaintiffs' Motion for Partial Summary Judgment on Rescission Counterclaim is Granted

### i. Summary Judgment Standard

In deciding a motion for summary judgment, a court
shall render judgment "forthwith if the pleadings, depositions,
answers to interrogatories, and admissions on file, together
with the affidavits, if any, show that there is no genuine issue
as to any material fact and that the moving party is entitled to
a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also
Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Weinstock
v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). A material
fact is one that would "affect the outcome of the suit under the
governing law," and a dispute about a genuine issue of material
fact occurs if the evidence is such that "a reasonable jury

12

could return a verdict for the nonmoving party." Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); R.B. Ventures,
Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997).

The moving party has the initial burden of showing
that there are no material facts in dispute, Adickes v. S.H.
Kress & Co., 398 U.S. 144, 157 (1970), and can discharge this
burden by demonstrating that there is an absence of evidence to
support the nonmoving party's case. Celotex, 477 U.S. at 325.
The nonmoving party then must come forward with "specific facts
showing that there is a genuine issue for trial," Fed. R. Civ.
P. 56(e), as to every element "essential to that party's case,
and on which that party will bear the burden of proof at trial."
Celotex, 477 U.S. at 322.

The Court "must resolve all ambiguities and draw all
reasonable inferences in favor of the party defending against
the motion." Eastway Constr. Corp. v. New York, 762 F.2d 243,
249 (2d Cir. 1985). However, the Court must inquire whether
"there is sufficient evidence favoring the nonmoving party for a
jury to return a verdict for that party." Anderson, 477 U.S. at
249. If there is not, summary judgment is proper. See id. at
249-50.

13

### ii. RMDx Has an Adequate Remedy at Law and Parties Cannot be Returned to Status Quo Ante, Barring Rescission

The equitable remedy of rescission "is to be invoked only when there is lacking complete and adequate remedy at law and where the status quo may be substantially restored." Rudman v. Cowles Communications, Inc., 30 N.Y.2d 1, 13 (1972), cited in C3 Media & Marketing Group, LLC v. FirstGate Internet, Inc., 419 F. Supp. 2d 419, 436 (S.D.N.Y. 2005). Rescission is not appropriate where "damages appear adequate and it is impracticable to restore the status quo." Rudman, 30 N.Y. 2d at 13; see also New Shows, S.A. de C.V. v. Don King Productions, Inc., No. 95 Civ. 8851 (RPP), 1999 U.S. LEXIS 11522, at *8 (S.D.N.Y. July 29, 1999), aff'd, 2000 U.S. App. LEXIS 6319 (2d Cir. Apr. 6, 2000).

If awarded the damages it seeks on its breach of contract counterclaim, RMDx would obtain precisely the same compensation that it appears to seek by way of its rescission claim, namely the return of the $80,276.33 that it paid to SGI. Although RMDx alleges in its Amended Answer and Counterclaims that, in addition to the $80,276.33, RMDx "has suffered additional and consequential damages" as a "direct and proximate

result of SGI's material breaches and fraudulent inducement,"
RMDx has failed to offer any evidence on this motion indicating
that it either suffered any additional damages beyond the fees
paid to SGI, or that it seeks the return of any additional
amount beyond that which it seeks in damages on its breach of
contract claim. See, e.g., Def.'s Mem. in Supp. at 13 ("RMDx is
entitled to a judgment of rescission as to the Agreement and a
return of the $80,276.33 in consideration it provided to SGI
under the Agreement.").

Moreover, rescission cannot effectively restore the
parties to their pre-contract status quo, as SGI has already
provided some services from which RMDx has benefited. See Decl.
of D. Reeves Carter, Ex. 4; see, e.g., New Shows, S.A. de C.V.
v. Don King Productions, Inc., No. 95 Civ 8851 (RPP), 1999 U.S.
Dist. LEXIS 11522, at * 10 (S.D.N.Y. Jul. 28, 1999) ("The event
which was the subject of the [contract at issue] was completed
and is impossible to undo. When it is not possible
substantially to restore the status quo, rescission is
inappropriate."); In re Ivan F. Boesky, 825 F. Supp. 623, 637
(S.D.N.Y. 1993) ("[U]sually, rescission may only be obtained
when it is reasonably feasible to return the parties to their
pre-contract status quo.") (quoting Stahl Management Corp. v.
Conceptions Unlimited, 554 F. Supp. 890, 894 (S.D.N.Y. 1983)).

15

In its Amended Answer and Counterclaim, RMDx bases its counterclaim for rescission on both SGI's alleged misrepresentations regarding its "standard monthly fee," Def.'s Countcls. at ¶¶ 16-17, and its alleged breach of the Agreement by "failing to develop a comprehensive financial relation game plan," id. at ¶ 18. On this motion, RMDx asserts that the fact that it alleges fraudulent inducement in addition to breach of contract renders the equitable remedy of rescission warranted in this case.

However, contrary to RMDx's assertions, even where fraudulent inducement is alleged, if there is an adequate remedy at law and the parties cannot be returned to the status quo ante, rescission is inappropriate. See, e.g., Guandong Enterprises (N.A.) Fur Holdings Ltd. v. Hennessy, No. 01 Civ. 0620 (SAS), 2002 U.S. Dist. LEXIS 8719, at *71 (S.D.N.Y. May 15, 2002) (granting summary judgment dismissing rescission claim on the basis that, although the court had found evidence of fraud, an adequate remedy at law was available and it was impossible to restoring the status quo ante). As in Guandong Enterprises, the harm for which RMDx seeks rescission "is a financial loss incurred when defendants fraudulently induced them," the same financial loss for which RMDx also seeks damages in its breach of contract claim. See also New Shows, 2000 U.S. App. LEXIS

16

6319, at *6 n.2 (noting that even if plaintiff had not waived
the argument that he was entitled to rescission based on
fraudulent inducement, he would not have been entitled to
rescission because "the legal remedy of damages is adequate and
the status quo cannot be restored").

As RMDx has available to it an adequate remedy at law,
and rescission cannot restore the parties to their pre-Agreement
status quo, RMDx's motion for partial summary judgment granting
its rescission claim is denied, and SGI's motion for partial
summary judgment dismissing RMDx's rescission claim is granted.

## Plaintiffs' Motion for Attachment is Denied

Plaintiffs have filed a motion for attachment of
assets of RMDx, asserting, based largely on Defendants' recent
public filings, that "Defendant's past self-serving conduct and
present unstable financial condition . . . call into question
Defendant's ability or desire to satisfy its obligations."
Pl.'s Mem. in Supp. at 1.

Pursuant to Fed. R. Civ. P. 64, "At the commencement
of and throughout an action, every remedy is available that,
under the law of the state where the court is located, provides

17

for seizing a person or property to secure satisfaction of the
potential judgment." The remedy of attachment in this action is
thus governed by New York law, under which, "on a motion for an
order of attachment, a plaintiff is required to show, by
affidavit or other written evidence, that (1) there is a cause
of action; (2) it is probable that the plaintiff will succeed on
the merits; (3) one or more grounds for attachment provided in
CPLR § 6201 exist; and (4) the amount demanded from the
defendant exceeds all counterclaims known to the plaintiff."
Id. (citing CPLR § 6212). "As to the first and second
requirements, i.e., that a claim for a money judgment exists and
that the movant is likely to succeed on the merits, the court
must give the plaintiff the benefit of all the legitimate
inferences that can be drawn from the facts." Bank Leumi Trust
Co. v. Istim, Inc., 892 F. Supp. 478, 482 (S.D.N.Y. 1995)
(internal quotation marks and citation omitted).

Under CPLR § 6201, in an action for a monetary
judgment, courts have discretion to issue an order of attachment
in a number of circumstances, including when "the defendant (1)
is a nondomiciliary residing without the state or a foreign
corporation not qualified to do business in New York; or (2)
with intent to defraud his creditors or frustrate the
enforcement of a judgment, has disposed of, encumbered or

18

secreted property, or removed it from the state, or is about to
do any of these acts." Bank of China v. NBM L.L.C., 192 F.
Supp. 2d 183, 186 (S.D.N.Y. 2002). However, "[s]atisfaction of
the statutory criteria . . . does not guarantee that a court
will issue such a relief. '[S]uch relief is discretionary, and
since attachment is a harsh remedy, the court must exercise care
in its application.'" Musket Corp. v. PDVSA Petroleo, S.A., 512
F. Supp. 2d 155, 160 (S.D.N.Y. 2007) (quoting Signal Capital
Corp. v. Frank, 895 F. Supp. 62, 64 (S.D.N.Y. 1995)); see also
General Textile Printing & Processing Corp. v. Expromtorg Int'l
Corp., 862 F. Supp. 1070, 1073 (S.D.N.Y. 1994) ("Generally, this
Court has held that attachment for security purposes is only
appropriate when plaintiff will have difficulty enforcing a
judgment and, accordingly, should issue only upon a showing that
drastic action is required."). Thus, "if jurisdiction over the
defendant can be secured without attaching property and there is
no reason to believe that the defendant will not satisfy any
judgment entered against the defendant, an order of attachment
should be withheld." 12 Jack B. Weinstein, et al., New York
Civil Practice § 6201.3 (2d ed. 2005), cited in Capital Ventures
Int'l v. Republic of Argentina, 443 F.3d 214, 222 (2d Cir.
2006).

Therefore, while it is undisputed that RMDx is a foreign corporation that is not authorized to do business in New York, that alone is insufficient grounds to grant an attachment. See, e g., Moran v. Arcano, No. 89 Civ 6717 (CSH), 1990 U.S. Dist. LEXIS 8161, at *4-5 (S.D.N.Y. July 2, 1990) ("Where . . . jurisdiction over the defendant is conceded and attachment is sought only to secure a judgment, the mere fact that defendant is a non-domiciliary residing without the State of New York is not sufficient ground for granting an attachment."). Even assuming that Plaintiffs are likely to succeed on the merits of their claim, since attachment is not required to secure jurisdiction over RMDx, Plaintiffs must establish that it is attachment is reasonably required in order to secure satisfaction of any potential monetary judgment, which they have failed to do here.

Unlike the defendant in Pena v. Morgan, 149 F. Supp. 2d 91 (S.D.N.Y 2001), cited by Plaintiffs as analogous to instance case, RMDx has not offered an "evasive response" on the subject of its assets, but has pointed to evidence, including, inter alia, recent Securities and Exchange Commission filings, indicating that RMDx has sufficient assets to satisfy a judgment in Plaintiffs' favor. See Decl. of D. Reeves Carter, Ex. A (RMDx Form 10-QSB filed with the SEC); Decl. of Michael Acton at

¶ 15 (describing RMDx's financial condition). The Court is not persuaded that RMDx is likely to be unable or unwilling to satisfy any judgment against it.

Moreover, Plaintiffs have not met their burden under CPLR § 6201(3) of proving that RMDx, "with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." CPLR § 6201(3). In seeking an attachment pursuant to that section, "fraudulent intent must be proven, not simply alleged or inferred" in the moving papers. Encore Credit Corp. v. LaMattina, No. 05 Civ. 5442 (CPS), 2006 U.S. Dist. LEXIS 2935, at *8-9 (S.D.N.Y. Jan. 18, 2006) (citing Bank Leumi Trust Co., 892 F. Supp. at 482). "Affidavits containing allegations raising a mere suspicion of an intent to defraud are insufficient." Id. (citing Rosenthal v. Rochester Button Co., 539 N.Y.S.2d 11 (App. Div. 1989)). Here, none of Plaintiffs' allegations or evidence regarding the state of RMDx's finances or allegedly improper dividend are sufficient to establish that RMDx has or intends to dispose of property or remove it from the state, or that RMDx has acted or intends to act to frustrate the enforcement of any judgment against it. See Brastex Corp. v. Allen Int'l, Inc., 702 F.2d 326, 331-32 (2d

21

Cir. 1983) (affirming district court's denial of attachment
because defendant's "shaky financial condition" was insufficient
basis for attachment under CPLR § 6201(3)).

**Conclusion**

Defendant's motion to dismiss Plaintiffs' conversion
claim is granted, its motion for summary judgment on its
rescission claim is denied, and its motion to strike Plaintiffs'
prayer for specific performance is denied.  Plaintiffs' motion
for summary judgment on Defendants' rescission claim is granted
and their motion for an attachment is denied.

The parties will meet and confer with respect to any
remaining discovery and to the submission of a pretrial order by
November 1, 2008.

It is so ordered.

**New York, N.Y.**
**September  9 , 2008**

ROBERT W. SWEET
**U.S.D.J.**